36771.   DAY *v.* PIEDMONT HOTEL, INC.

DECIDED JULY 11, 1957.

*Wilson, Branch & Barwick, M. Cook Barwick, Thomas S. Bentley,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* contra.

GARDNER, P. J. 1. Although the evidence is contradictory in some respects, there is sufficient evidence to sustain the verdict of the jury as to the general grounds.

2. Special ground 1 assigns error because it is contended that the court erred in excluding from evidence the testimony of the plaintiff as to his previous earnings made on commissions with another company while doing practically the same job or filling practically the same position.

The court ruled that such testimony was immaterial and irrelevant in that it amounted to a conclusion and was too remote and

speculative to be a basis for the amount of recovery. It is our opinion that the exclusion of this testimony was not harmful to the plaintiff. This special ground shows no cause for reversal.

3. Special ground 2 assigns error because it is contended that the court erred in charging the jury twice on the principle of law relating to whether or not the plaintiff was injured by his own negligence. Two short excerpts are set out in this special ground. We have read the charge of the court in its entirety and find that the court charged fully on this point and that there was sufficient evidence to warrant such charge. We have set out the evidence substantially hereinabove in detail as to how the plaintiff was doing several things at one time when he decided to sit in a chair without looking at it. We think this is sufficient to warrant the charge of which complaint is made in this ground. Special ground 2 is not meritorious.

4. Special ground 3 contends that the court erred in failing to give the proper charge on comparative negligence, without a timely request. The court charged fully on the care owed by an innkeeper to patrons using premises, and charged fully on the duty of the plaintiff to exercise ordinary care and diligence for his own safety. The court charged in regard to liability incurred in the event either party failed to use the care which the law imposes on each respectively. The court charged on proximate cause and the results which naturally follow when negligence is shown. The court charged fully as to when a plaintiff is not entitled to recover under circumstances covered by the evidence. The particular complaint in this special ground is that the court charged that if the plaintiff was injured "solely by his own negligence" he would not be entitled to recover. Emphasis is laid by counsel on the word *solely*. We cannot see that the use of the word solely was harmful to the plaintiff, in view of the apparently careful, complete and extensive charge of the court on the principle of law regarding negligence of either or both parties. This special ground is not meritorious.

5. Special ground 4 contends that the court erred in charging that the plaintiff could not recover damages for any diminished earning capacity in the future. It is elementary that under pleadings such as we have in this record diminished earning

capacity in the future cannot be a basis of recovery as a separate item, but when evidence shows that this is set up as a part of the basis for recovery then the court must charge on this point as well as on other points involved under the pleadings. This special ground shows no cause for reversal.

6. Special ground 5 assigns error because the court erred in charging with reference to the recovery of damages "for alleged pain and suffering, past, present and future." It is contended that the court should have gone further and explained the alleged present pain and suffering of the plaintiff. It is our opinion that the phraseology: "alleged pain and suffering, past, present and future" covers this contention sufficiently and this special ground is not meritorious.

The court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*